**Janet AYUSO FIGUEROA, Plaintiff**

v.

**Victor RIVERA GONZALEZ, et. al., Defendants.**

**Civil No. 02–1606(SEC).**

United States District Court, D. Puerto Rico.

June 27, 2005.

Maria De Los A. Maldonado–Nieves, Maria Maldonado Nieves, Yassmin Gonzalez–Velez, Nicolas Nogueras Law Offices, San Juan, PR, for Plaintiff.

Elfrick Mendez–Morales, Mendez & Mendez Urb. Roosevelt, Felix M. Roman–Carrasquillo, Quinones & Sanchez, PSC, San Juan, PR, Francisco A. Rullan–Molina, Rullan International PSC, Ponce, PR, Mariana Negron–Vargas, Commonwealth Department of Justice Federal Litigation Division, San Juan, PR, Yassmin Gonzalez–Velez, Edward W. Hill–Tollinche, Humberto Guzman–Rodriguez, Tessie Leal–Garabis, Quinones & Sanchez, PSC, San Juan, PR, Jo–Ann Estades–Boyer, Department of Justice Common-

---

wealth of Puerto Rico, San Juan, PR, for Defendant.

### OPINION AND ORDER

GELPI, United States Magistrate–Judge.

Plaintiff, a former inmate in the Commonwealth's penal system brought the present Section 1983 action, alleging that her imprisonment was unconstitutionally extended by defendants, who at all times relevant, were officials or employees of the Department of Corrections, and in bad faith caused her good time credits to be denied.

■ Defendants are presently being represented in this Court by the Commonwealth's Attorney General or his designee, pursuant to Act 9 of November 26, 1975, P.R. Laws Ann. tit. 32 § 3085, et seq. ("Act 9"). The issue now before this Court is whether plaintiff is entitled to discover documents provided by defendants to the Attorney General for purposes of seeking and obtaining legal representation, as well as other related documents in the Attorney General's possession. Plaintiff served the Attorney General with a subpoena to obtain such documentation. Given that the same did not yield the production sought, she filed an *Urgent Motion Requesting Order to Comply with Subpoena* (Docket No. 72).

The Court asked the parties, as well as the Attorney General, to address whether the documentation sought by plaintiff is privileged on attorney-client grounds. *See* order of June 2, 2005 (Docket No. 76). With the benefit of memoranda filed subsequently (*see* Docket No. 89, 91 and 98) the Court is now in a position to rule on the issue.

A review of Act 9 unquestionably leads the Court to find that the discovery sought is protected by the 'attorney-client privilege. Act 9 provides that any officer of employee of the Commonwealth Government who, as here, is sued in his personal capacity for acts occurring during the scope of his/her official duties, and, which allegedly amount to civil rights violations, may seek legal representation from the Attorney General. *See Castro Garcia v. Departamento de Justicia de Puerto Rico,* —— D.P.R. ——, 2001 TSPR 9, 2001 WL 82966 *2 (2001).

Under Act 9, once a state official is served with summons in a civil/rights action, he/she must timely request in writing to the Attorney General that legal representation be provided. The official must then submit himself/herself to an investigation by the Attorney General or his designee, and is expected to fully cooperate with counsel. *See* P.R. Laws Ann. tit. 32 § 3086(a) and (b). This process may include the submission of affidavits by the official, production of documents and an interview, among other matters.

Ultimately, the Attorney General will receive a confidential memorandum from the Director of the Act 9 Division at the Department of Justice. Said memorandum, which is also examined by the Assistant Attorney General at the Department's Office of Legal Counsel, contains a recommendation to the Attorney General either to the effect that Act 9 benefits be granted or denied.[1] Should the Attorney General grant legal representation, the official will be assigned counsel from the Department's Federal Litigation Division or Civil Rights Task Force, and, in certain circumstances, from law firms under contract with the Department of Justice. In those cases where the Attorney General denies legal representation, the official may seek judicial review of said decision from the Commonwealth Circuit Court of Appeals and Supreme Court.[2] *See* P.R. Laws Ann. tit. 32 § 3087; P.R. Laws Ann. tit. 3 § 2172; *see also Castro Gracia, supra* at *2 (noting that Attorney General's decision is reviewable by Commonwealth's ap-

---

1. The Attorney General has provided for *in-camera* inspection copy of defendants' Act 9 files, which evidence that this process was carried out in this case accordingly.

2. Counsel for the Attorney General indicates in his memorandum that such review is to be held before the Court of First Instance. Although Section 3087 still so provides, this is not the case

anymore, as such review process was transferred to the Circuit Court of Appeals in 1997, via an amendment to the Uniform Administrative Procedure Act. *See* P.R. Laws Ann. tit. 3 § 2172; *see also* Demetrio Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme* § 9.2 (2nd ed.2001).

peals court, and further review may be sought from the Supreme Court).

In the Court's view, the legal duties imposed under Act 9 mirror what a non-government attorney does at any initial attorney-client meeting. In Puerto Rico, any communications and information between attorney and proposed client during the initial interview are undoubtedly covered by the attorney-client privilege if the same are provided for the purpose of retaining counsel or requesting legal service or advice. *See* P.R. R. Evid 25, P.R. Law Ann. tit. 32, App. III, R. 25. More so, the Puerto Rico Supreme Court has held that the Attorney General, just as any other lawyer, is obligated to follow the rules of ethics and practice before courts. *See In re Rivera Cruz,* 118 D.P.R. 827, 849, 1987 WL 448317 (1987).

As discussed before, a government official seeking Act 9 benefits will engage in a process with the Attorney General which is indistinguishable from that of obtaining non-government counsel in a non-Act 9 context. Accordingly, all communications between the Attorney General (or his designee) with a possible Act 9 client are privileged.

 There is a further reason as to why several of the documents in the defendants' Act 9 files are also not discoverable. As discussed before, many of the documents therein constitute attorney work-product. The internal communications between the Director of the Department's Act 9 Division, Assistant Attorney General and Attorney General clearly fall under such category, as the same are prepared for purposes of determining whether to grant legal representation under Act 9.

WHEREFORE, plaintiff's *Urgent Motion Requesting Order to Comply with Subpoena* (Docket No. 72) is hereby **DENIED.** The sealed documents provided to the Court by the Attorney General will be returned once ten (10) days from the docketing of this order have elapsed.

**SO ORDERED.**